


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- against -<br><br>ALBERTO WILLIAM VILAR, a/k/a "Albert Vilar," and GARY ALAN TANAKA<br><br>Defendants. | S3 05 Cr. 621 (RJS)<br><br>ECF CASE<br><br>**CONFIDENTIALITY STIPULATION AND ORDER** |

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel for United States of America, defendant Alberto Vilar and defendant Gary Tanaka (collectively, "Parties"), and non-party Lily Cates ("Cates"), that:

1. This Stipulation shall apply to all parties to the above-captioned litigation and pertains to all documents that comprise Lily Cates' state and federal income tax returns and/or any part thereof in her possession, custody or control including but not limited to schedules, attachments, supplements, statements and related forms filed in connection therewith disclosed in response to certain subpoenas duces tecum during the course of the captioned litigation ("Tax Returns"). All Tax Returns shall be deemed Confidential and subject to the terms and conditions set forth herein.

2. Tax Returns and the information therefrom shall be used solely for the purpose of preparing for and conducting the above-captioned litigation limited to trial and any appeal arising therefrom, and shall not be disclosed, or used for any other purpose without further Order of the Court. Aside from as described in the previous sentence, the Tax Returns designated "Confidential," as described below, shall not be used for any personal, business, commercial, competitive or other purposes whatsoever.

3. Cates may at any time designate as "Confidential" any Tax Returns by:

a. advising the other party in writing of such "Confidential" designation ; and/or

b. marking the document "Confidential" (marking the first page of a Tax Return as "Confidential" shall constitute a designation that the entire tax return, including but not limited

to all schedules, attachments, supplements, statements and related forms, is Confidential and subject to the terms and conditions of this Stipulation):

4. The confidentiality obligations set forth in this Agreement shall apply beginning on the date on which the Parties receive notice from Cates of such Confidential designation, as provided in paragraph 3 above.

5. Except as provided for in Paragraph 7 below, Tax Returns designated "Confidential" and any portion or copies thereof, and the information contained therein, shall not be given, shown, made available or communicated in any way to anyone except:

a. counsel to the Parties, including co-counsel of record, and the partners, associates, legal assistants and clerical or other support staff who are employed by such counsel and are working under the express direction of such counsel;

b. Parties to the captioned action;

c. experts or consultants retained in connection with the litigation; and

d. any other person, to the extent reasonably deemed necessary by counsel disclosing such information for the purpose of assisting in the prosecution or defense of this action, upon written consent from Cates or her counsel.

6. Before any person in paragraphs 5(c) and/or 5(d) (except non-party witness Maurice Kassimir) is given access to Tax Returns designated "Confidential," that person (a "qualified person") shall be provided with a copy of this Stipulation and shall acknowledge in a written statement that he or she has read the Stipulation and agrees to be bound by the terms thereof, in the form of the consent form attached as Exhibit "A." The counsel who has disclosed the "Confidential" Tax Returns to any person described in paragraphs 5(c) or 5(d) above shall retain such written statement until the conclusion of the litigation and shall provide it to counsel

for Cates upon request or, if not requested by Cates, then within 30 days of the conclusion of the trial.

7. If Tax Returns designated as "Confidential" are included in papers to be filed by any of the Parties with the Court, the Party seeking to file such papers shall make an application to the Court that the Tax Returns be filed under seal. In the event that any of the Parties seeks to introduce the Tax Returns as an exhibit during the trial, the Parties shall make an application to the Court that reasonable measures be taken to prevent disclosure of the Tax Returns to the public. Notwithstanding the previous sentence, nothing in this paragraph or this Agreement shall be interpreted as limiting the Parties' use of the Tax Returns during the trial, including but not limited to in connection with the questioning of witnesses, for the purposes of impeachment and/or as a Government or Defense exhibit.

8. Within 30 days after the pending charges in the captioned action have been resolved as to each defendant by entry of a judgment of conviction and exhaustion of all appellate and collateral remedies, judgment of acquittal or dismissal of the charges, or such other time as may be stipulated to by the undersigned parties or ordered by the Court, all Tax Returns designated "Confidential" and all copies thereof, shall be returned to counsel for the party who initially produced the Tax Returns, except that counsel may retain their work product and copies of court filings, official transcripts and exhibits, provided said retained documents will continue to be treated as "Confidential" as provided in this Stipulation.

9. Upon execution of this Stipulation by all Parties, Cates shall promptly (but in any event no later than October 3, 2008) produce all Tax Returns in Cates' possession, custody and/or control (including but not limited to Tax Returns in the possession of Maurice Kassimir) that are responsive to the criminal trial subpoena served by Mr. Tanaka in connection with the above-captioned action. The Parties understand that, prior to producing the Tax Returns, Cates may redact information that Cates deems wholly unrelated to her investments, investment

activity, defendants and/or this action generally. Notwithstanding the previous sentence, the Parties reserve the right to challenge such redactions and nothing herein shall be construed as a waiver of any such rights. Moreover, in the event that Cates does perform redactions prior to producing the Tax Returns, Cates shall (a) leave sufficient information on the Tax Returns for the Parties to evaluate the propriety of such redactions, or (b) in the event that the Parties, acting in good faith, are not able to evaluate the propriety of such redactions, then upon written demand by the Parties, Cates shall provide under separate cover information sufficient for the Parties to evaluate the propriety of such redactions. By this Stipulation, the Parties and Cates do not waive any right to object to any other request for production or disclosure or to the admission of evidence on any ground.

10. The Parties acknowledge and agree that if any party hereto breaches, or threatens to commit a breach of any of the provisions of this Stipulation, Cates shall have the right to have the Stipulation specifically enforced in the United States District Court for the Southern District of New York, including without limitation the right to an entry against the breaching party of restraining orders and injunctions (preliminary and permanent) against breaches, threatened or actual, it being agreed and acknowledged that any such breach or threatened breach shall cause irreparable injury to the non-breaching party and that money damages alone will not provide adequate remedy to the non-breaching party. The Parties hereby waive any and all requirements that Cates post an undertaking or similar relief as may otherwise be statutorily required. The prevailing party in any claim to enforce the terms of this Stipulation shall be entitled to an award of its legal fees arising from such claim.

11. Counsel for the Parties and Cates each represents that it is authorized to execute this Stipulation on behalf of its respective client; the provisions of this Stipulation may be modified in writing signed by the Parties and Cates or their respective counsel.

12. This stipulation may be signed in counterparts which, taken together, shall be binding and enforceable; signatures transmitted electronically (by fax or email) shall be deemed originals.

Dated: New York, New York
September 30, 2008

WILSON SONSINI GOODRICH
& ROSATI, PC

BY:______________________
Jessica L. Margolis
1301 Avenue of the Americas, 40th Fl.
New York, NY 10019-6022
212-999-5800

*Attorneys for Defendant Tanaka*

ROSEN GREENBERG BLAHA LLP

BY:______________________
Eric Peter Blaha
The Trump Building
40 Wall Street, 32nd Floor
New York, NY 10005
212-530-4838

*Attorneys for Non-Party Lily Cates*

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By:______________________
Marc Litt
Assistant United States Attorney
1 St. Andrews Plaza
New York, New York 10007
212-637-2295

*Attorneys for United States of America*

FAHRINGER & DUBNO

By:______________________
Herald Price Fahringer
120 East 56th Street, Suite 1150
New York, New York 10022
212-319-5351

*Attorneys for Defendant Vilar*

SO ORDERED:

______________________
Honorable Richard Sullivan

12. This stipulation may be signed in counterparts which, taken together, shall be binding and enforceable; signatures transmitted electronically (by fax or email) shall be deemed originals.

Dated: New York, New York
September 30, 2008

WILSON SONSINI GOODRICH & ROSATI, PC

BY: ______________________
Jessica L. Margolis
1301 Avenue of the Americas, 40th Fl.
New York, NY 10019-6022
212-999-5800

*Attorneys for Defendant Tanaka*

ROSEN GREENBERG BLAHA LLP

BY: ______________________
Eric Peter Blaha
The Trump Building
40 Wall Street, 32nd Floor
New York, NY 10005
212-530-4838

*Attorneys for Non-Party Lily Cates*

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By: ______________________
Marc Litt
Assistant United States Attorney
1 St. Andrews Plaza
New York, New York 10007
212-637-2295

*Attorneys for United States of America*

FAHRINGER & DUBNO

By: ______________________
Herald Price Fahringer
120 East 56th Street, Suite 1150
New York, New York 10022
212-319-5351

*Attorneys for Defendant Vilar*

SO ORDERED:

______________________
Honorable Richard Sullivan

12. This stipulation may be signed in counterparts which, taken together, shall be binding and enforceable; signatures transmitted electronically (by fax or email) shall be deemed originals.

Dated: New York, New York
September 30, 2008

WILSON SONSINI GOODRICH & ROSATI, PC

BY: ____________________
Jessica L. Margolis
1301 Avenue of the Americas, 40th Fl.
New York, NY 10019-6022
212-999-5800

*Attorneys for Defendant Tanaka*

ROSEN GREENBERG BLAHA LLP

BY: ____________________
Eric Peter Blaha
The Trump Building
40 Wall Street, 32nd Floor
New York, NY 10005
212-530-4838

*Attorneys for Non-Party Lily Cates*

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By: ____________________
Marc Litt
Assistant United States Attorney
1 St. Andrews Plaza
New York, New York 10007
212-637-2295

*Attorneys for United States of America*

FAHRINGER & DUBNO

By: ____________________
Herald Price Fahringer
120 East 56th Street, Suite 1150
New York, New York 10022
212-319-5351

*Attorneys for Defendant Vilar*

SO ORDERED:

____________________
Honorable Richard Sullivan

12. This stipulation may be signed in counterparts which, taken together, shall be binding and enforceable; signatures transmitted electronically (by fax or email) shall be deemed originals.

Dated: New York, New York
September 30, 2008

WILSON SONSINI GOODRICH
& ROSATI, PC

BY:______________________
Jessica L. Margolis
1301 Avenue of the Americas, 40th Fl.
New York, NY 10019-6022
212-999-5800

*Attorneys for Defendant Tanaka*

ROSEN GREENBERG BLAHA LLP

BY:______________________
Eric Peter Blaha
The Trump Building
40 Wall Street, 32nd Floor
New York, NY 10005
212-530-4838

*Attorneys for Non-Party Lily Cates*

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By:______________________
Marc Litt
Assistant United States Attorney
1 St. Andrews Plaza
New York, New York 10007
212-637-2295

*Attorneys for United States of America*

FAHRINGER & DUBNO

By:______________________
Herald Price Fahringer
120 East 56th Street, Suite 1150
New York, New York 10022
212-319-5351

*Attorneys for Defendant Vilar*

SO ORDERED:

______________________
Honorable Richard Sullivan

**EXHIBIT A**

I have read the foregoing Confidentiality Stipulation and Order and I agree to be fully bound by its terms. I agree to maintain all confidential information disclosed to me in confidence and I will not reveal the information to anyone other than another qualified person.

Additional qualified persons:

| Name | Date |
|---|---|
| Name | Date |
| Name | Date |
| Name | Date |