# MEMORANDUM

Date:      Nov. 25, 2008

To:        HON. RICHARD SULLIVAN
           U.S. DISTRICT COURT JUDGE

From:      Leo Barrios
           U.S. Pretrial Services Officer
           Electronic Monitoring Specialist

re:        Alberto Vilar
           S3-05-00621

---

The above-referenced defendant was found guilty on 11/19/08 on all counts in indictment # S3-05-00621-RS. The Court advised all parties that it needed time to review all of the bail information in this case and scheduled a hearing for November 26, 2008. Our office respectfully submits a full background on this case regarding bail and hopes that it is helpful to Your Honor.

The above-named defendant was initially arrested on 5/26/05 by Postal Inspectors and charged with conspiracy to commit securities fraud. On 5/27/05 the defendant appeared before Mag. Judge Pitman and he was ordered detained. On the same date the detention order was appealed before District Judge Harold Baer, and bail was set as follows; $10 million personal recognizance bond, secured by $4 million in cash/property/artwork and cosigned by four financially responsible people. Defendant was also placed on home detention with electronic monitoring; travel limited to the SD/EDNY and surrender of travel documents. The defendant was not allowed out of his residence other than to meet with counsel, appear in Court and report to Pretrial Services. The defendant was released on 6/20/05.

The defendant appeared before the Court on several occasions to request changes with respect to the condition of home detention. The Court ordered several modifications during this period, permitting the defendant to be outside of his residence for food shopping, exercise, attend physical therapy, church on Sundays, etc..

On 7/20/07 the defendant's bail was modified to delete the requirement of house arrest with electronic monitoring. The defendant was placed on a curfew and ordered to report in person once a week, and by telephone daily. The defendant's residence was subjected to random and unannounced searches by Pretrial Services between 800AM-1000PM. The defendant was ordered to remained at his residence from 11:00PM-7:00AM.

On 9/4/07 the Court authorized the release of $1.1 million to pay the defendant's legal fees and expenses in connection with this case.

On 3/13/2008 the Court ordered that the defendant be permitted to travel to Puerto Rico. This trip was cancelled as the defendant's girlfriend was sick during that week. The defendant instead traveled on May 29, 2008 through June 3, 2008.

On 7/2/2008 the Court allowed the defendant to travel to Gettysburg, Pennsylvania to observe the 145th Gettysburg Anniversary National Civil War Re-enactment.

On 8/7/2008 the defendant was permitted to travel to the United Kingdom in connection to depositions relating to his defense. This trip was not made.

On 08/06/2008 the Court ordered the release of $500,000 posted by Valerie Gergiev on behalf of the defendant. Pretrial Services believes that by removing the cash component, the defendant's $10 million personal recognizance bond has been secured solely by property/artwork, and the co-signatures of four people.

Our office has supervised Mr. Vilar since his release in June, 2005. Thus far and in relation to each bail application granted by the Court, the defendant has complied with all of the terms as stated above. He has also reported as directed and has followed all of the instructions provided by this office. He has traveled outside of the New York are on three different occasions, and returned to the NY area as required. The defendant has made all of his Court appearances. PSO notes that the defendant's curfew is being monitored by random telephone calls which has not proven an effective mode of ensuring the defendant's presence during curfew hours.

We note that the Court ordered, on many of the bail applications, that the defendant's cosigners be aware of the changes that were being made. The Court further required them to sign an affidavit acknowledging the bail changes ordered and state their willingness and desire to continue to be responsible as cosigners for the defendant's bail.

The circumstances have changed for the defendant given that he has been convicted of the offenses charged. Our office is aware that the burden is now on the defendant to demonstrate by "clear and convincing evidence that he is not likely to flee." Therefore, our office provides the above information for the Court's review.

Should the Court be inclined to continue the defendant's bail status, our office respectfully requests the following; that the condition of curfew be enforced with the electronic monitoring device. The current system is inefficient, and does not continuously monitor the defendant during his curfew hours. As previously ordered, each cosigner must submit an affidavit acknowledging their willingness to continue to serve as cosigners and acknowledge that they are aware of the defendant's conviction and possible sentence.

Respectfully,

Reviewed by:

_____  Michael Fitzpatrick, Chief
Jo-Ann Atanasio, SPSO        U.S. Pretrial Services Officer

                             Leo Barrios

Marc Litt, AUSA
Herald Fahringer, Esq.